UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALKEET SINGH,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | No. 1:26-cv-07902-DAD-AC<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 1, 2) |

On September 24, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) The following day, counsel on behalf of petitioner also filed a motion for temporary restraining order ("TRO") seeking petitioner's immediate release from immigration custody. (Doc. No. 2.) Thereafter, this court set a briefing schedule as to petitioner's motion for a TRO and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 29, 2026, respondents filed an opposition to the TRO motion. (Doc. No.7.) In that opposition, respondents concede that the binding decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), compels a finding that 8 U.S.C. § 1226(a) governs petitioner's detention. (Doc. No. 7 at 1.) Nonetheless, respondents argue that petitioner is only entitled to seek a custody redetermination hearing before an immigration judge ("IJ") under § 1226(a). (Doc. No. 7 at 1.) Thereafter, on October 1, 2026, petitioner filed a reply in support of his TRO motion. (Doc. No. 8.) Respondents did not state any objection to this court also ruling on petitioner habeas petition based on the briefing presently before it and the court will do so.

The facts of the case are based on the briefs and documents supplied by the parties. Petitioner is a citizen of India. (Doc. No. 1 at 2.) He entered the United States through its border with Mexico in 2022. (*Id.*) Also in 2022, petitioner encountered immigration authorities who subsequently released him. (Doc. No. 7-2 at 2.) According to petitioner, he has applied for asylum. (Doc. No. 1 at 2.) He was arrested by immigration authorities on or about July 17, 2026, and remains in immigration custody. (*Id.* at 9.) In July 2026, immigration officials issued a warrant for petitioner's arrest and a notice to appear ("NTA"). (Doc. Nos. 7-3 at 1, 7-4 at 1–4.)

In light of the evidence that petitioner previously encountered and was released by immigration officials in 2022, the court incorporates the reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025), and concludes that petitioner re-detention without a *pre*-detention hearing violates due process because petitioner obtained a liberty interest in his continued freedom when immigration officials previously released him.

For the reasons above,

1 Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondents are ORDERED to immediately release petitioner Malkeet Singh, A-File No. 246-595-790, from respondents' custody on the same conditions, if any, he was subject to prior to his re-detention on or about July 17, 2026;

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **October 8, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE